IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DERON LAVANCE DAWKINS, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:14-0806-DGK-SSA |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Deron Lavance Dawkins seeks judicial review of the Acting Commissioner of Social Security's denial of his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff had severe mental impairments of psychotic disorder, attention deficit hyperactive disorder, oppositional defiant disorder, bipolar disorder, impulse control disorder, and a mood disorder, but he retained the residual functional capacity ("RFC") to perform work as an industrial cleaner, kitchen helper, and a landscape helper.

After carefully reviewing the record and the parties' arguments, the Court holds the ALJ's decision is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Factual and Procedural Background**

The medical record is summarized in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed his application on March 17, 2011, alleging a disability onset date of September 11, 2000. The Commissioner denied Plaintiff's application at the initial claim level,

and Plaintiff appealed the denial to an ALJ. The ALJ held a video hearing, and on March 22, 2013, issued her decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on July 15, 2014, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all of his administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny SSI benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available "zone of choice," and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Analysis

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 416.920(a)–(g). Through Step Four of the analysis the claimant bears the

reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

Plaintiff contends the ALJ committed two reversible errors at step four. First, after finding at step three that he had moderate difficulty in maintaining concentration, persistence, or pace, the ALJ erred by not accounting for these "moderate" limitations in her RFC or in the hypothetical posed to the vocational expert ("VE"). Pl.'s Br. (Doc. 9) at 20. Second, the ALJ erred by failing to base the RFC determination on substantial evidence on the record. Pl.'s Br. at 22. There is no merit to either claim.

Plaintiff's first argument rests on a misunderstanding of what "moderate" means as used at various points in the sequential evaluation. The ALJ's finding that he had "moderate" difficulty in maintaining concentration, persistence, or pace, was made in the context of determining whether Plaintiff's mental impairments met or equaled a medical listing. It was not intended to be used, and should not be used, as a RFC assessment. Social Security Ruling 96-8p makes this clear: "The adjudicator must remember that the limitations identified in the 'paragraph B' and 'paragraph C' criteria are *not an RFC assessment* but are used to rate the severity of mental impairment(s) at *steps 2 and 3* of the sequential evaluation process." SSR 96-8p (emphasis added). Simply put, "moderate" means different things in these different contexts. Thus, in formulating Plaintiff's RFC, the ALJ did not have to include a limitation finding he had "moderate" difficulty in maintaining concentration, persistence, or pace, nor did she have to ask the VE about "moderate" difficulties in concentration, persistence, or pace. *See Martise v.*

---

burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).
3

Case 4:14-cv-00806-DGK   Document 22   Filed 02/24/16   Page 3 of 5

*Astrue*, 641 F.3d 909, 929 (8th Cir. 2011) (holding hypothetical questions to the VE need only account for impairments the ALJ finds are supported by the record).

There is no merit to Plaintiff's second argument because substantial evidence on the record supports the ALJ's RFC determination. The ALJ found Plaintiff retained the ability "to perform a full range of work at all exertional levels," but he had mental impairments which restricted him to "simple, repetitive, routine tasks in a work environment free of fast paced production requirements, involving only simple, work-related decisions with few, if any, workplace changes." The ALJ ruled he could "have no interaction with the public. He can work around co-workers but can have only occasional interaction with co-workers." R. at 15.

Plaintiff argues the ALJ should have included many other limitations in the RFC. However, it is the claimant's burden to prove his RFC. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). And the ALJ should include in the RFC only those "credible limitations" which are based on "credible evidence." *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011).

This latter requirement is fatal to Plaintiff's claim here because the ALJ's adverse credibility determination[2] is uncontested and practically dictates the RFC finding. For example, the ALJ rejected assertions by Plaintiff, his mother, and his grandmother that he could not focus sufficiently to hold a full-time job. R. at 18, 20. This finding is supported by the record. Plaintiff suggested in his testimony that he could work, and he identified several activities, such

---

[2] The ALJ found Plaintiff's statements concerning the limiting effects of his symptoms not entirely credible because: (1) his school records showed he was in regular classes 94% of the time; (2) his IQ was in the average range; (3) while in high school he made progress on his educational goals, learned to control his combativeness, and graduated; (4) he attended a semester of community college; (5) he admitted during the hearing that he believed he could work a simple job; (6) his activities—such as volunteering teaching kids to play basketball, and occasionally helping his uncle with construction work or his brother in his barbershop—were inconsistent with his claims; and (7) his claims were inconsistent with the objective medical evidence. R. at 16, 20. Although the ALJ's finding concerning Plaintiff's attendance in regular classes is not supported by the record—Plaintiff attended an alternate school, his teachers had to make many accommodations for him, and he received a ten day suspension within the first two weeks, all of which suggest it is misleading to characterize Plaintiff as successfully attending regular classes 94% of the time—the other reasons are.

4

as volunteering and occasionally helping his brother with construction work or his uncle in his barbershop, which supported this belief.  R. at 18-20, 37-41, 47, 49-50.  Consequently, the ALJ did not need to include in Plaintiff's RFC more restrictions on his ability to concentrate in the workplace.

## Conclusion

Substantial evidence on the record supports the Commissioner's decision, and so the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date: February 24, 2016  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT